IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eva Gold,<br><br>        Plaintiff,<br><br>vs.<br><br>Antonio Chavez Hernandez,<br><br>        Defendant. | No. CIV 04-1179 PCT RCB<br><br>O R D E R |

On June 8, 2004, Plaintiff Eva Gold filed a Complaint in this matter. (doc. 1). On December 29, 2004, Plaintiff filed a document entitled "None Compliant Repeat Offenders" which the Court construed to be an Amended Complaint, filed in accordance with Federal Rule of Civil Procedure 15(a). (doc. 13).[1] Neither Plaintiff's Complaint or Amended Complaint comply with Rule 8(a) of the Federal Rules of Civil Procedure. Before this matter can

---

[1] On numerous documents filed by Plaintiff in this Court, Plaintiff lists Arizona Bar numbers 108, 109 and 110 for Eva Gold (or Gutte), Mark Joseph Golden Gutte and Tony Golden Gutte. The Court takes judicial notice that these bar numbers do not exist.

proceed, Plaintiff must amend her Amended Complaint to comply with Rule 8(a).

Rule 8(a) provides in pertinent part that:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed.R.Civ.P. 8(a). A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Before a district court may dismiss a pro se complaint for failure to state a claim, a court must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal. McGurkin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992).

Plaintiff's Amended Complaint does not satisfy the "short and plain statement" required of Rule 8(a). Moreover, the Amended Complaint does not allege the statutory basis for the Court's limited jurisdiction, i.e. 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship). Therefore, the Court will order Plaintiff to amend her Amended Complaint in accordance with Rule 8(a).

The Court is apprised that by Order of April 15, 2005, the Superior Court of Coconino County found that Plaintiff suffers from a mental disorder, namely Delusional Disorder, and committed her to

The Guidance Center for a period of up to 180 days.

Accordingly,

IT IS ORDERED that within 30 days of any discharge pursuant to the Order of the Superior Court of Coconino County dated April 15, 2005, or on November 14, 2005, whichever first occurs, Plaintiff shall file a Second Amended Complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure and Rule of Practice 1.9, which specifies the Court's jurisdictional basis therein, clarifies the statute(s) upon which Plaintiff is relying to support her claim(s), names the defendant(s) therein she believes are appropriate, provides a short and plain statement of the claim showing that Plaintiff is entitled to relief, and demands judgment for the relief Plaintiff seeks.

IT IS FURTHER ORDERED that failure to comply with these Orders may result in the dismissal of Plaintiff's Complaint without prejudice, pursuant to Federal Rule of Civil Procedure 41.

IT IS FURTHER ORDERED directing the Clerk of the Court to provide the Plaintiff with a copy of "Filing A Complaint In Your Own Behalf."

DATED this 27th day of April, 2005.

Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record